The opinion of the Court was delivered by
G-antt, J.
The leading and governing circumstances in this case, are:
1. Concealment by the defendant of a fact which ought to have been disclosed at the time of the contract.
2. That a note, passed to the plaintiff, was absolutely void in1 law, proved by the defendant’s acknowledgment, that the same was a security taken for money won on a horse race.
3. The defendant’s refusal to rescind the contract.
It is evident that the plaintiff would not have entered into this contract, had the defendant disclosed the nature of the security passed to .him. This is inferrible from the plaintiff’s desire to rescind, on the day of the contract, after having ascertained the, fact, that the note was given on a horse race.
The rule which has so long prevailed, of requiring a fair disclosure of all the circumstances which might govern the determination of the contracting parties, *would be strangely perverted, if it did not, r^i 0 i upon an occasion like the present, bear with full force upon this L' defendant. Why should the plaintiff have prosecuted a suit with dili *432 gence, upon a security acknowledged by the defendant to be irrecoverable at law ? The attempt would have been vain and idle, and this the lawr does not require of any man. Of right, therefore, the plaintiff demanded payment of the defendant in the first instance ; nor was it necessary, that he should have stated with greater precision the nature of his claim. Had there been any strength in the defence which was attempted, the same might have been specially noticed, and brought to view, by the plea or defence on the part of the defendant; and this would have been the regular course of procedure. 'The note which was passed to the plaintiff, being a nullity in itself, and the defendant having received a dona fide consideration for the amount called for by it, on his refusal to take it back, a personal responsibility immediately devolved upon the defendant to pay that amount to the plaintiff. Nor can the Court discover any ground on which a nonsuit could have been avoided. The defendant, by the decree, is called on for the amount agreed to be given for the watch, and the security passed to the plaintiff will remain his property' still. The plaintiff not having been made acquainted with its true nature, and thereby imposed upon, had a right to abandon it, as a thing of no value, and leave to the defendant, who, had obtained it of the drawers, the task of contravening (if it can be effected), the provisions of the Act which declares it to be void.
Thompson, for the motion. Glarlce, Solicitor, contra.
The Court is of opinion that the defendant can take nothing by his motion.
Colcock, Nott, Johnson and BjchaRdson, JJ., concurred.
1 vol. 180, and notes; Post. 127.